UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
+++++++++++++++++++++++++++++++++++++++++++++++++++++++

**DONALD L. BRENNER AND LISA R. BRENNER,**

                              **Appellants,**


                    **-V-**                              **1:11-CV-481 (NAM)**

**JUSTIN A HELLER, ESQ., LIQUIDATION
TRUSTEE; LINCOLN  LOGS LTD.; SNAKE
RIVER LOG HOMES, LLC; AND  FIRST
PIONEER FARM  CREDIT, ACA,**

                              **Respondents.**


+++++++++++++++++++++++++++++++++++++++++++++++++++++++

**In re:**                                              **Chapter 11**

        **LINCOLN LOGS LTD.,**                          **Bankr. Case No. 08-13079**

                              **Debtor(s).**            **(Jointly Administered)**


+++++++++++++++++++++++++++++++++++++++++++++++++++++++

**In re:**                                              **Chapter 11**

        **SNAKE RIVER LOG HOMES, LLC,**                 **Bankr. Case No. 08-13080**

                              **Debtor(s).**


+++++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Office of Robert J. Rock
Robert J. Rock, Esq., of counsel
60 South Swan Street
Albany, New York 12210
Attorney for Donald L. Brenner and Lisa R. Brenner, Appellants

Nolan & Heller, LLP
Justin A. Heller, Esq., of counsel
39 North Pearl Street
Albany, New York 12203
Attorney for Justin A. Heller, Esq., Liquidation Trustee, Respondent

Phillips Lytle LLP
Angela Zwirecki Miller, Esq., of counsel
3400 HSBC Center
Buffalo, New York 14203-2887
Attorney for Lincoln Logs Ltd. and Snake River Log Homes, LLC, Respondents

Harris Beach PLLC
Kelly C. Griffith, Esq., of counsel
300 South State Street, One Park Place
Syracuse, New York 13202
Attorney for First Pioneer Farm Credit, ACA, Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Donald L. Brenner and Lisa R. Brenner ("Brenners") appeal from an order of Chief

United States Bankruptcy Judge Robert E. Littlefield, Jr. in the Chapter 11 bankruptcy

proceeding, *In re Lincoln Logs Ltd.*, Bankr. Case No. 08-13079.  At issue is whether the Brenners

are entitled to a constructive trust on bankruptcy estate funds in the amount of $55,000, the value

of undelivered materials for which they paid the debtor, Lincoln Logs Ltd. ("debtor").  Judge

Littlefield denied Brenners' constructive trust claim and granted the motion by Justin A. Heller,

Esq., the Liquidation Trustee ("Trustee"), joined by a creditor, Farm Credit East, ACA ("Farm

Credit") (formerly First Pioneer Farm Credit, ACA), for summary judgment dismissing that

claim.  As explained below, this Court denies the appeal and affirms the order.

### BACKGROUND

On July 3, 2006, the Brenners entered into a written contract with the debtor for the

purchase of plans and materials for a log cabin home.  The Brenners made payment in full.  After

delivering some of the materials, the debtor filed for bankruptcy on September 19, 2008.  On

April 21, 2009, the Brenners moved in bankruptcy court for turnover of the undelivered materials,

or, in the alternative, for a refund of the monies paid for them. Judge Littlefield granted the Brenners' motion, holding that under New York law their payment to the debtor was subject to a statutory trust and not part of the bankruptcy estate. *See In re Lincoln Logs Ltd.*, 2010 WL 322163 (Bankr. N.D.N.Y. Jan. 25, 2010). On appeal by the Trustee and Farm Credit, this Court reversed and remanded the matter to bankruptcy court. *See Liquidation Trustee v. Brenner*, 2010 WL 3809282 (N.D.N.Y. Sept. 23, 2010). In remanding, this Court expressly declined to address the Brenners' alternative argument for the imposition of a constructive trust, stating that Judge Littlefield was in the best position to consider the equities of the matter. *Id.* at 7.

Thereafter, the Trustee and Farm Credit moved before Judge Littlefield for summary judgment dismissing the Brenners' constructive trust claim. On February 15, 2011, Judge Littlefield granted the motion. The Brenners appeal.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When deciding a summary judgment motion, the Court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

A constructive trust is "a device used by equity to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs." BOGERT, THE LAW

OF TRUSTS & TRUSTEES, § 471.  Under New York law, "[w]hen property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee."  *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386 (1919).  Under New York law, the elements of a constructive trust are as follows: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment."  *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976); *accord United States v. Coluccio*, 51 F.3d 337, 340 (2d Cir. 1995).  The constructive trust doctrine is not, however, rigidly limited; rather, a constructive trust will be imposed whenever necessary to achieve equity.  *See Coluccio*, 51 F.3d at 340; *Simonds v. Simonds*, 45 N.Y.2d 233, 241 (1978).

A district court reviews a bankruptcy judge's factual findings for clear error and his legal conclusions *de novo*.  A bankruptcy judge's determination not to impose an equitable remedy, such as a constructive trust, is reviewed for abuse of discretion.  *See In re Flanagan*, 503 F.3d 171, 179-80 (2d Cir. 2007).

On this appeal, the Brenners argue that Judge Littlefield erred in granting summary judgment dismissing their claim.  They contend that they are entitled to a constructive trust as a matter of law, or, in the alternative, that the record presents material questions of fact barring summary judgment.  In their opposition to the summary judgment motion and on this appeal, the Brenners rely on an affidavit from Lisa R. Brenner, stating:

> My husband and I were advised by the Debtor's authorized representative, Cindy Johansen, that all of the remaining components of our home, all of which we have paid for in full, were ready and waiting for us in a warehouse. We asked for delivery on several occasions but were told by the Debtor's authorized representatives that it was in our interest to leave the remaining items in the warehouse until the construction of our home advanced to the point where those components could be incorporated into the structure.

-4-

> Based upon these representations of the Debtor, we reasonably believed that our goods were completed and specifically identified in a warehouse.  I believe that this raises a substantial and material issue of triable fact which precludes the granting of summary judgment. Absent these representations by the Debtor, we would have insisted upon delivery of our remaining goods and we would not be in our present predicament. Those representations, created, to the extent that it might not have previously existed, a confidential relationship between the Debtor and my husband and I.

(Paragraph numbering omitted.)  In their opposition papers before Judge Littlefield, the Brenners made the following argument, based on Lisa Brenner's affidavit:

> The Brenners have offered facts demonstrating every element of their constructive trust claim. They have established the confidential relationship by showing that they relied on the representations of the Debtor's authorized agent in not insisting on the immediate delivery of [their] goods.
>
> The Brenners have demonstrated the existence and identification of their goods and that the Debtor, through its authorized agent promised to deliver the goods when the construction of the Brenners' home reached the point where those undelivered items could be incorporated.
>
> The Brenners have demonstrated that they reasonably relied upon the promises of the Debtor in foregoing immediate delivery.
>
> Finally, the Brenners have shown that if a constructive trust is not imposed, others will be unjustly enriched at their expense.

(Paragraph numbering omitted.)  On appeal, the Brenners also argue that the Trustee did not carry his initial burden of coming forward with evidence supporting summary judgment.

Judge Littlefield correctly concluded that the Brenners are not entitled to a constructive trust.  In moving for summary judgment, the Trustee properly relied on the written contract between the Brenners and the debtor as proof of the absence of a confidential or fiduciary relationship, the first element of a constructive trust.  Even assuming the truth of the allegations in Lisa Brenner's affidavit, the undisputed facts demonstrate that the relationship was simply an arms-length contractual agreement for the purchase and sale of goods.  The Brenners' averments

-5-

that the debtor's representative told them that the remaining components of their home were "ready and waiting" in a warehouse and advised them to leave them there until the project was ready for their incorporation, are not evidence of a higher level of trust than is typically found in the marketplace between those involved in arm's length purchase and sale transactions. On this record, there is no confidential or fiduciary relationship, nor is there a question of fact on the issue.

The written contract between the Brenners and the debtor also establishes the absence of unjust enrichment, the fourth element of a constructive trust. An equitable claim based on unjust enrichment is not available where an adequate remedy at law exists. *See In re First Central Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004). Here, the Brenners have an adequate remedy at law in their contract claim against the debtor in the bankruptcy proceeding. *See id.* Although unfortunately it appears that the Brenners will not be made whole in the bankruptcy proceeding, "that does not mean [their] remedy is legally inadequate, simply that it is imperfect." *Id.* at 216.

The Brenners point out that the constructive trust doctrine is a flexible one and that a constructive trust should be imposed whenever necessary to achieve equity. *See Simonds*, 45 N.Y.2d at 241. Equity in the context of a bankruptcy proceeding is not, however, the same as equity at common law. *See Flanagan*, 503 F.3d at 182; *First Central*, 377 F.3d at 217-18. The effect of a constructive trust in bankruptcy is "profound," because it removes the trust *res* from the bankruptcy estate and "places its beneficiary ahead of other creditors with respect to the trust *res*." *Flanagan*, 503 F.3d at 180-81; *accord In re Ades & Berg Group Investors*, 550 F.3d 240, 245 (2d Cir. 2008); *First Central*, 377 F.3d at 217-18. As the *Flanagan* court explains: "It is ... not the debtor who generally bears the burden of a constructive trust in bankruptcy, but the

debtor's general creditors.  This type of privileging of one unsecured claim over another clearly

thwarts the principle of ratable distribution underlying the Bankruptcy Code."  503 F.3d at 182;

*accord Ades & Berg*, 550 F.3d at 245 ("[R]etention by the bankruptcy estate of assets that, absent

bankruptcy, would go to a particular creditor is not inherently unjust.").  In this case, where there

are numerous unsecured creditors like the Brenners, equity does not support the creation of a

constructive trust in the Brenners' favor.

Judge Littlefield's order reflects no material error of law or fact, nor did he abuse his

discretion in denying the Brenners' claim for a constructive trust.  There is no basis to overturn

his ruling.      It is not necessary to reach the other issues raised on the appeal.

## CONCLUSION

It is therefore

ORDERED that the February 15, 2011 Order of United States Bankruptcy Judge Robert

E. Littlefield, Jr., granting summary judgment and dismissing appellants' constructive trust claim

is affirmed.

IT IS SO ORDERED.

Date:   November 29, 2011
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

-7-